

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
WILLIAM WILSON
ATTORNEY GENERAL

June 5, 1939

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-753
Re: (a) No appropriation has been made
to pay judgment in the case of
Caledonia Steel Co. v. State of
Texas et al; (b) the Legislature
cannot appropriate money by
concurrent resolution.

Your letter of May 31, 1939, addressed to this office, reads as follows:

"On pages 1432 and 1433 may be found the appropriation
made by the Legislature for uses of the Highway Funds
for the present biennium.

"Article 4357, R. C. S., 1925, provides that no claim
shall be paid from appropriations unless presented to
the Comptroller for payment within two years from the
close of the fiscal year for which such appropriations
were made, but any claim not presented for payment
within such period may be presented to the Legislature
as other claims for which no appropriations are available.

"I am attaching hereto a claim presented to this department
by the State Highway Department for the payment of a judgment
in cause No. 53909, requesting your opinion as to whether
there are funds appropriated for the payment of this claim
in the present appropriation bill.

"In the event you hold there are no funds available for the
payment of this claim, it might be that the claimant should
desire to present the claim to this session of the Legislature.
We shall, therefore, appreciate your immediate attention to
this matter.

"Please return the attached claim to this department with
your opinion."

Accompanying this letter is the claim referred to therein, and to which is attached a certified copy of a judgment obtained against the State of Texas and the Highway Commission of the State of Texas by the plaintiff, Caledonia Steel Company,  Said judgment was rendered in the 126th District Court of Travis County, November 28, 1938, and is for the sum of Two Thousand Six Hundred Seventy-five & No/100 ($2,675.00) Dollars, with interest from said date at the rate of six per cent (6%) per annum, and all costs of suit.  The Highway Commission has approved the claim for payment.

You desire to know "whether there are funds appropriated for the payment of this claim in the present appropriation bill," pages 1427 to 1435, inc., Acts of the Regular Session, 45th Legislature, and being an appropriation for the support and maintenance of the State Highway Department for the two-year period beginning September 1, 1937, and ending August 31, 1939.

We have carefully examined this appropriation and have been unable to find any specific appropriation for the payment of this claim, or any language in the rider attached thereto that can be construed as being broad enough to bring said claim within its purview.

The judgment, basis of this claim, shows upon its face that it is for the purchase price of steel sold by the claimant to the State Highway Department during June and August, 1926, and delivered before January 10, 1927, it necessarily follows that they were chargeable to the appropriation made to said department for the fiscal year ending August 31, 1926.

If the Legislature has ever made another appropriation to pay this claim, we have not found it.  This answers your specific question.

This judgment was obtained in a suit brought by the plaintiff under authority conferred by S. C. B. No. 3, passed at the Second Called Session of the 43d Legislature, the concluding paragraph of which reads as follows:

> "If and when the plaintiff in said suit shall  have
> recovered a final judgment in said cause the Highway
> Commission of the State of Texas is hereby authorized
> and directed to pay said final judgment which may have
> been secured, together with all the court costs out of the
> funds of the Highway Department, and it shall be the duty
> of said Highway Commission to pay such judgment and costs
> if and when it is secured."

We have called your attention to the above question because it may be contended that it is authority for you to pass this claim to voucher to be paid out of the funds appropriated to the State Highway Department by the second paragraph of the rider attached to the current appropriation bill.  If it should be so contended, than you are advised that our Constitution inhibits the Legislature from making an appropriation of money by concurrent resolution.  See Departmental Opinion No. 2386, dated September 26, 1921, addressed to Hon. Lon A. Smith, Comptroller, signed by E. F. Smith, Assistant Attorney General, and approved by C. M. Cureton, Attorney General, a copy of which is enclosed.

We are herewith returning the claim submitted.

                              Very truly yours

                         ATTORNEY GENERAL OF TEXAS

                         s/  Bruce W. Bryant


                    By
                         Bruce W. Bryant
                         Assistant

BWB:MR/ldw

ENCLOSURE

APPROVED
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY H. Q. B.
CHAIRMAN